IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **MEHLEK DAWVEED,** * | |
| * | |
| Petitioner, * | |
| v. * | Criminal Case No. SAG-16-127 |
| * | Civil Case No. SAG-21-1414 |
| **UNITED STATES OF AMERICA.** * | |
| * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

### MEMORANDUM OPINION

Before this Court are five motions relating to petitioner Mehlek Dawveed's ("Dawveed's") efforts to set aside his conviction and sentence pursuant to 28 U.S.C. § 2255, ECF 135, 138, 147, 150, 151, and the Government's response asserting that those efforts are barred by the affirmative defense of the one-year limitations period, ECF 140. This Court has reviewed the filings, including the various replies and supplemental filings from Dawveed, who is self-represented. ECF 143, 144, 149. Upon review of the pleadings, exhibits, and applicable law, the Court finds a hearing is unnecessary. *See* Local Rule 105.6. (D. Md. 2021); *see also* 28 U.S.C. § 2255(b) (noting that a hearing is not required where "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief"). The relief Dawveed requests must be denied because his petitions are time-barred.

**I.      PROCEDURAL HISTORY**

On June 4, 2018, Dawveed pleaded guilty to wire fraud and was sentenced to a total term of 36 months of incarceration and three years of supervised release. ECF 124. The sentencing court ordered restitution in the amount of $788,991.00, payable in increments of $500 per month during the three-year term of supervision. *Id.* Dawveed filed an appeal, which he then moved to voluntarily dismiss. ECF 127, 131. On July 5, 2018, the Fourth Circuit granted the dismissal and

issued its mandate. ECF 132. Dawveed did not file a petition for a writ of certiorari to the Supreme Court. He filed his motion to vacate his conviction pursuant to 28 U.S.C. § 2255 on June 30, 2021, and filed an "amended" motion to vacate on March 24, 2023.[1] ECF 138, 150.

## II.     DISCUSSION

Petitions filed under 28 U.S.C. § 2255 must generally be filed within one year of the date the judgment of conviction becomes final. *See* 28 U.S.C. § 2255(f). Section 2255(f) provides:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Dawveed did not file his first petition until almost three years after the Fourth Circuit issued its mandate on July 5, 2018, and he did not file his second "amended" petition until almost two years after that. ECF 132, 138, 150. Dawveed argues that the one-year period is not expired while he continues on supervised release, but that is not the law. A judgment of conviction becomes final upon one of three events: (1) the deadline to appeal the district court's judgment expires without a filing; (2) the deadline to file a petition for a writ of certiorari from the appellate court expires without a filing; or (3) the United States Supreme Court denies a petition for a writ of certiorari, if one is filed. *See Clay v. United States*, 537 U.S. 522, 524–25, 532 (2003). Dawveed did not file a

---

[1] Along with those two motions, Dawveed has filed: (1) a Motion to Reduce Restitution, ECF 135, which will be denied as moot because the monthly payments he complained of expired when his supervised release expired; (2) a Motion for Summary Judgment, ECF 147, which will be denied as procedurally improper in the context of a § 2255 petition; and (3) a Motion to Proceed Remotely, ECF 151, which will be denied because no hearing on this case is required.

petition for writ of certiorari, and his opportunity to do so expired ninety days after the issuance of the Fourth Circuit's order dismissing his appeal on July 5, 2018. *Id.* Dawveed's opportunity to file a timely § 2255 petition, then, expired in October of 2019, regardless of any continuing term of incarceration or supervision.

Thus, Dawveed's § 2255 motions, which were filed several years after the applicable deadline, are untimely and must be dismissed.

### III. CERTIFICATE OF APPEALABILITY

Under 28 U.S.C. § 2253(c), Dawveed is entitled to a certificate of appealability only if he demonstrates that reasonable jurists would find this court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller–El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). Dawveed has not made the requisite showing of denial of a substantial right, and the Court declines to issue a Certificate of Appealability.

### IV. CONCLUSION

For these reasons, the two motions to vacate, ECF 138 and 150, will be dismissed as time-barred; the motion to reduce restitution, ECF 135, will be denied as moot; the motion for summary judgment, ECF 147, will be denied as procedurally improper; and the motion to proceed remotely, ECF 151, will also be denied as moot. A separate Order follows.

Dated: March 31, 2023                               /s/
                                          Stephanie A. Gallagher
                                          United States District Judge